UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

OSCAR MORALES MEJIA,

*Petitioner,*

– against –

RAUL MALDONADO, *Warden,*
*Metropolitan Detention Center*, TODD
LYONS, *Acting Director, U.S.*
*Immigration and Customs Enforcement,*
PAMELA BONDI, *U.S. Attorney General,*

*Respondents.*

**MEMORANDUM & ORDER**
26-cv-01457 (NCM)

---

**NATASHA C. MERLE**, United States District Judge:

On November 1, 2025, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner Oscar Morales Mejia. Pet. for Writ of Habeas Corpus ("Petition") ¶¶ 21–26, ECF No. 1. Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 31; *see also* Resp't's Letter dated Mar. 16, 2026 ("Response") 1, ECF No. 9.[1] Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1. For the reasons discussed below, the petition is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of Guatemala. Pet. ¶ 17. Petitioner has resided in the United States since 2021 after entering without being apprehended. Pet. ¶¶ 19–20. Petitioner was detained by ICE on November 1, 2025 and is currently being held by respondents at the

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

MDC. Pet. ¶¶ 21–26, 31. He commenced the instant action on March 12, 2026 by filing a petition for a writ of habeas corpus. *See* Pet. The following day, the Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y), or any other decision of this Court. Scheduling Order 2, ECF No. 6. The government filed a response stating that petitioner is being detailed under 8 U.S.C. § 1225(b)(2)(A). Resp 1. The response further stated that "[p]etitioner's circumstances are not identical to those of *Y- C-* or *Crespo Tacuri*, but at this time cannot be said to be materially different." Resp. 2 (emphasis added).

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[2]

### LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 25-cv-06065, 2025 WL 3314420, at \*8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends, among other arguments, that he is being detained in violation of the Due Process Clause of the Fifth Amendment. Pet. 8.[3] The government's response does not dispute these assertions and concedes that the instant case is materially indistinguishable from the Court's prior decisions in *Y-C-* and *Crespo Tacuri*. Resp. 2. Accordingly, respondents "recognize that it would be futile to repeat the government's statutory interpretation arguments in opposing the habeas petition in this case at this time." Resp 2. The only substantive points that the response offers are that (1) some district judges in New York as well as the Fifth Circuit Court of Appeals have ruled in favor of the government in similar cases, Resp. 1–2 n.1; and (2) the government filed a notice of appeal in *Crespo Tacuri* and has an upcoming oral argument before the Second Circuit Court of Appeals in a similar case, Resp. 2 n.3. The Court finds that neither of these points undermines the reasoning of the Court's prior opinions.

Accordingly, for the reasons stated by this Court in *Crespo Tacuri* and *Y- C-*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment.[4] *See Y-C-*, 2025 WL 3653496, at \*7; *Crespo Tacuri*, 2026 WL

---

[3]    The Court does not reach any other claim raised by petitioner. *See, e.g.*, Pet. 7.
[4]    For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Y- C-* or

35569, *7; *see also Ccorihuaman*, 2026 WL 328983, at *2; *Meza-Figueredo v. Bondi*, No. 26-cv-01320, 2026 WL 673279 (E.D.N.Y. Mar. 10, 2026).

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on March 18, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see*

---

*Crespo Tacuri. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

*also Ccorihuaman*, 2026 WL 328983, at \*2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at \*8; *see also Ccorihuaman*, 2026 WL 328983, at \*2.

Petitioner's March 19, 2026 deadline to file a reply and the hearing scheduled for March 20, 2026 are hereby adjourned sine die.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:        March 16, 2026
              Brooklyn, New York

5